**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ARTHUR RAY WILLIAMS**                                                 **PLAINTIFFS**
**and DIANE WILLIAMS**

**VS.**                    **NO.  4:06-CV-01641 GTE**

**SCHINDLER ELEVATOR CORPORATION**                           **DEFENDANT**

## ORDER

Before the Court is Plaintiffs' Motion to Set Aside Order Granting Summary Judgment. Defendant Schindler Elevator Corporation ("Schindler") has filed a response opposing the motion. For the reasons stated here, the Court declines Plaintiffs' motion. The denial is without prejudice for the reasons and on the terms stated herein.

This is the Court's third Order related to Defendant Schindler's summary judgment motion. By Order dated August 21, 2007, the Court held Schindler's motion in abeyance to provide Plaintiffs with the opportunity to conduct the discovery they said was necessary in order to respond to Defendant's motion. That Order specifically directed: "Plaintiffs shall file an amended response to Defendant's motion for summary judgment not later than September 24, 2007." (Doc. # 22 at p. 5).

September 24th came and went without anything being filed by Plaintiffs. On October 4, 2007, counsel for Schindler filed a letter noting that Plaintiffs had not initiated any discovery nor filed their amended response as contemplated by the Court's August 21st Order. On October 5, 2007, the Court entered an Order granting summary judgment, noting therein: "Plaintiffs have failed to come forward with any evidence to create a jury question as to their allegation that

- 1 -

Schindler negligently maintained the elevator in question and that such negligence caused the elevator to fall four to five stories, injuring Plaintiff Arthur Williams' neck and back." (Docket # 24).

On October 15, 2007, Plaintiffs filed the motion now before the Court, requesting that this Court set aside its October 5th Order granting summary judgment. For cause, Plaintiffs focuses on alleged agreements between counsel to depose three employees of the University of Arkansas Medical Services (where the elevator in question is located) on October 11, 2007. Plaintiffs' counsel asserts that he was not allowed to take these depositions since the case was dismissed, but that he was allowed to take their statements. Counsel further asserts that he "now has in his possession documentation and information that when put in the form of an affidavit would support filing an Amended Response to the Motion for Summary Judgment." (Pl.'s motion, Doc. # 26 at p. 2). Despite this assertion, Plaintiffs did not attach the proposed Amended Response to their motion and did not provide the Court with the affidavits alleged to support the Plaintiffs' theory of negligence.

Plaintiffs' counsel also makes much of the fact that he is a solo practitioner and that he "had to prepare for a murder trial" and experienced "great difficulty in coordinating the deposition" of necessary fact witnesses. (*Id*. at p. 2). Such is no justification for simply ignoring this Court's Order. Counsel's remedy, of course, was to request an extension of time from the Court. Such requests are routinely granted. Instead, Plaintiff's counsel attempts to blame his failures on Schindler's counsel, suggesting that counsel had agreed between themselves to conduct discovery after the time limit for doing so imposed by the Court.

The issue in the Court's view is that Plaintiffs' counsel disregarded completely this Court deadline for Plaintiffs to file their Amended Response opposing summary judgment. Plaintiffs'

counsel offers no direct explanation or excuse for doing so.  Plaintiffs' counsel has, however, submitted his calendar which indicates that the deadline for filing the required amended response was never calendared.

After due consideration, the Court declines to set aside its prior summary judgment Order and Judgment.  The denial is without prejudice, however, to Plaintiffs' right to <u>timely</u> file a new motion.  If such motion is filed, it <u>shall</u> be supported by the proposed Amended Response to Summary Judgment and any and all affidavits necessary to support such response.  It further appears that Plaintiffs now concede that they will not be entitled to the benefit of the *res ipsa loquitur* doctrine.  Thus, if a proposed Amended Response is filed, Plaintiffs shall also indicate whether they intend to present an expert or whether they still contend that no expert is required to prevail.

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Set Aside Order Granting Summary Judgment (Docket No. 26) be, and it is hereby, DENIED without prejudice.

IT IS SO ORDERED THIS    30th    day of October, 2007.

    _/s/Garnett Thomas Eisele_____
    UNITED STATES DISTRICT COURT